UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| THOMAS K. LITTON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ROBLOX CORPORATION, et al.,<br><br>　　　　　Defendants. | Case No. 25-cv-03088-AMO  (PHK)<br><br>**DISCOVERY MANAGEMENT ORDER NO. 1**<br><br>(Order Relates to All Cases) |
| GUILLERMO GALARZA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>EPIC GAMES, INC., et al.,<br><br>　　　　　Defendants. | Case No. 25-cv-06245-AMO  (PHK) |
| JOHNNA HENDRICKS, et al.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>ROBLOX CORPORATION, et al.,<br><br>　　　　　Defendants.<br><br>AND ALL RELATED CASES. | Case No. 25-cv-10275-AMO  (PHK) |

Currently pending in this District are 28 related cases alleging at a general level that computerized video games designed and offered by Roblox, Microsoft, Mojang AB, and Epic

Games[1] caused harms to each of the named Plaintiffs under various legal theories, including but not limited to products liability and negligence.

On February 27, 2026, the presiding District Judge issued an Order selecting three representative pilot cases: *Litton v. Roblox*, Case No. 25-cv-3088; Ga*larza v. Epic Games*, Case No. 25-cv-6245; and *Hendricks v. Roblox*, Case No. 25-cv-10275. *See* Dkts. 127 (-03088 case), 77 (-06245 case), 49 (-10275 case). These cases, and all related cases, have been referred to the undersigned for all discovery purposes. *See* Dkts. 118 (-03088 case), 73 (-06245 case), 39 (-10275 case).  Further, the February 27 Order selecting the pilot cases states that "the Court will allow all the parties to conduct targeted discovery related to their motions to compel arbitration and motions to dismiss for lack of personal jurisdiction. The parties shall work with Judge Kang to determine the permissible scope of such discovery."  [Dkt. 127 (-03088 case) at 6].

Accordingly, the Court issues this Discovery Management Order to start the process of rationally coordinating and planning for discovery in these cases.

### I.      Legal Standards

The Court has broad discretion and authority to manage discovery. *U.S. Fidelity & Guar. Co. v. Lee Inv. LLC*, 641 F.3d 1126, 1136 n.10 (9th Cir. 2011) ("District courts have wide latitude in controlling discovery, and their rulings will not be overturned in the absence of a clear abuse of discretion."); *Laub v. U.S. Dep't of Int.*, 342 F.3d 1080, 1093 (9th Cir. 2003). The Court's discretion extends to crafting discovery orders that may expand, limit, or differ from the relief requested. *See Crawford-El v. Britton*, 523 U.S. 574, 598 (1998) (holding trial courts have "broad discretion to tailor discovery narrowly and to dictate the sequence of discovery"). For example, the Court may limit the scope of any discovery method if it determines that "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C)(i).

### II.     Preliminary Discovery Preparation

In light of the referral of all discovery in these cases to the undersigned, the Court directs

United States District Court
Northern District of California

---

[1] Not all entities are defendants in each case.

and **ORDERS** the Parties (and all counsel) as follows:

(a) The Court **ORDERS** the Parties and all counsel in each of these cases to read and follow the undersigned's Standing Discovery Order (available on the Court website), which is now applicable to all of these cases,

(b) **ORDERS** the Parties and all counsel to read and comply with Sections IV, V, VI (where references therein to Case Management Conferences are hereby amended to refer to Discovery Management Conferences), VII(C), VII(D), X, XI, and XII of the Court's Standing Order for Civil Cases, which are hereby ordered to be applicable to these cases,

(c) **ORDERS** counsel for Plaintiffs in the pilot cases to take all reasonable and necessary steps to cooperate, coordinate, and communicate with each other and with counsel for the Plaintiffs in the non-pilot cases; take responsibility for communicating with the Court and Defendants as the primary contact points on behalf of all of the Plaintiffs as a coordinated "side" in all these cases with regard to discovery issues; and take all proper, reasonable, and necessary steps to undertake and promote efficient communication and coordination across all cases to accurately reflect the views of all Plaintiffs,

(d) **ORDERS** counsel for Plaintiffs in the non-pilot cases to similarly take all reasonable and necessary steps to reciprocally cooperate, coordinate, and communicate with Plaintiffs' counsel in the pilot cases to promote efficient communication and coordination across all cases to accurately reflect the views of all Plaintiffs, and to ensure that all Plaintiffs are bound by the agreements, stipulations, and Court rulings moving forward,

(e) **ORDERS** the Parties to promptly and in good faith meet and confer and then file a jointly proposed Protective Order applicable across all these cases **on or before May 1, 2026**. Given the nature of these cases, the Court strongly encourages and expects the Parties to base the jointly proposed Protective Order on the Court's Model Protective Order for Litigation Involving Patents, Highly Sensitive Confidential Information, and/or Trade Secrets (available on the Court website). The Parties **SHALL** comply with Section C of the undersigned's Standing Discovery Order when submitting the jointly proposed Protective Order, including the required declaration and redline.

(f) **ORDERS** the Parties to promptly and in good faith meet and confer and then file a jointly

3

proposed ESI Protocol applicable across all these cases **on or before May 1, 2026**. Given the nature of these cases, the Court strongly encourages and expects the Parties to base the jointly proposed ESI Protocol on the Court's Model Stipulated Order Re: Discovery of Electronically Stored Info (Patent Cases) (available on the Court website). The Parties **SHALL** comply with Section F of the undersigned's Standing Discovery Order when submitting the jointly proposed ESI Protocol, including the required declaration and redline.

(g) **ORDERS** each "side" (where Plaintiffs (coordinated by Plaintiffs in the pilot cases) in these cases are considered one "side" and Defendants collectively in these cases are considered the other "side") to each file their detailed proposed Discovery Plans pursuant to Fed. R. Civ. P. 26(f)(3) and this Order **on or before May 1, 2026**.

### III.    Common Discovery Planning

In addition to the requirements of Rule 26(f)(3) with regard to their Discovery Plans, the Court **ORDERS** the Parties to prepare their Discovery Plans and proposals to the Court as follows:

Based on the February 27 Order, discovery in these cases **SHALL** be phased as follows: Phase One **SHALL** be limited by scope and subject matter to "targeted discovery" directed to the motions to dismiss for lack of jurisdiction and the motions to compel arbitration; Phase Two **SHALL** encompass discovery (subject to the limitations on relevance, proportionality, and scope under Rule 26) on all issues in these cases. Nothing herein prevents the Parties from reaching agreements to take discovery during Phase One which would otherwise fall within Phase Two, although no Party may rely on that any such agreed-upon discovery as a basis to object to, delay, or impede Phase One discovery directed to those motions. The Parties' Discovery Plans **SHALL** include proposed timelines and interim deadlines for both of these two non-overlapping phases of discovery.

With regard to Phase One Discovery Plans, the Court **ORDERS** the Parties to promptly meet and confer in good faith regarding dates for Initial Disclosures (if not served already), proposed dates for substantial completion of document productions related to Phase One discovery (which **SHALL** be no later than thirty days prior to the proposed deadline to complete all Phase One discovery), proposed dates for completion of Phase One fact discovery, and (if expert witnesses are

contemplated) proposed dates for completion of any expert discovery directed to Phase One.

With regard to Phase Two Discovery Plans, the Court **ORDERS** the Parties to promptly meet and confer in good faith regarding proposed dates for substantial completion of document productions related to Phase Two discovery (which **SHALL** be no later than thirty days prior to the proposed deadline to complete all Phase Two discovery), proposed dates for completion of Phase Two fact discovery, and proposed dates for completion of Phase Two expert discovery.

In their Discovery Plans, the Parties **SHALL** include agreed upon dates for these discovery deadlines, and to the extent agreements are not reached as to specific dates or deadlines, the Parties **SHALL** include their competing proposed dates for each disputed interim deadline and cutoff date in their Discovery Plan and **SHALL** explain why their proposal should be adopted as opposed to the competing proposal from the opposing Side.

All proposed discovery dates and deadlines **SHALL** be the same for all 23 of these cases, to maximize coordination and efficiency of scheduling across all these related cases. All proposed dates and deadlines **SHALL** take into account the overall case schedule and trial dates ordered by Judge Martinez-Olguin.

With regard to Phase One Discovery, the Parties **SHALL** include within their respective Discovery Plans a written explanation detailing exactly how they plan to pursue "targeted discovery." *See* Dkt. 127 at 6 (-03088 case) ("[T]he Court will allow all the parties to conduct *targeted discovery* related to their motions to compel arbitration and motions to dismiss for lack of personal jurisdiction.") (emphasis added). The Parties shall include in their proposals specifics of their proposed discovery, including the number of interrogatories they plan to serve (and a description of the subject matter sought by the interrogatories), the number of document requests they plan to serve (and a description of the subject matter of the documents they intend to request), the number of depositions planned to be taken by each side (and a description of the witnesses contemplated to be deposed, if not identified by name and title, then at least described by role), the number of Rule 30(b)(6) depositions planned to be taken by each side (and a description of the planned deposition topics), and the planned number of any third party subpoenas (including description of the third parties involved, whether documents only will be sought (and a description

United States District Court
Northern District of California

of the categories of documents planned to be requested), and the number of any third party depositions sought (with a description of the witnesses planned to be deposed, either identified by name and title or at least by role; and for 30(b)(6) depositions, a description of the topics to be pursued)). The Parties' Discovery Plans **SHALL** provide the Court with specifics regarding proposed scope of planned discovery, numbers of types of requests, descriptions of subject matter, time frames, and any other necessary details to rationally discuss planning for such discovery. The Parties **SHALL** meet and confer regarding, and in their Discovery Plans propose procedures for, common discovery for each side including numerical limits, time limits, and other proposals for coordinating Phase One discovery common for each side for efficiency and economy. The Parties are **ORDERED** to meet and confer to reach agreement on as many of the details of the Discovery Plans as possible, with the goal of presenting the Court with a comprehensive jointly proposed Discovery Plan for Phase One.

With regard to Phase Two Discovery, similarly the Parties **SHALL** include within their respective Discovery Plans a written explanation detailing exactly how they plan to complete fact and expert discovery in these cases after Phase One is completed (although detailed description of subject matters is not necessary at this time). The Parties shall include in their proposals specifics of their proposed discovery, including the number of interrogatories they plan to serve, the number of document requests they plan to serve, the number of requests for admissions they plan to serve, the number of depositions planned to be taken by each side, the number of Rule 30(b)(6) deposition topics planned to be pursued by each side, and the planned number of any third party subpoenas (including description of the third parties involved, whether documents only will be sought, and the number of any third party depositions sought). The Parties' Discovery Plans **SHALL** provide the Court with specifics regarding proposed scope of planned discovery, numbers of types of requests, descriptions of subject matter, time frames, and any other necessary details to rationally discuss planning for such discovery. The Parties **SHALL** meet and confer regarding, and in their Discovery Plans propose procedures for, common discovery for each side including numerical limits, time limits, and other proposals for coordinating Phase Two discovery common for each side for efficiency and economy. The Parties are **ORDERED** to meet and confer to reach agreement on as

6

many of the details of the Discovery Plans as possible, such as agreements on the number of interrogatories to be served by each side (and similar agreements on numbers of other types of discovery requests to be served by each side) with the goal of presenting the Court with a comprehensive jointly proposed Discovery Plan for Phase Two.

In their meet and confers and Discovery Plans, the Parties shall consider and report on any other proposals for the just, speedy, and inexpensive disposition of discovery in these matters, including but not limited to those issues required under Fed. R. Civ. P. 16(c )(2)(F), (G), (L), and (P) and Fed R. Civ. P. 26(f)(2)-(3).

### IV.    Individualized Discovery

The Parties **SHALL** meet and confer regarding, and then discuss in their Discovery Plans, procedures for handling discovery targeted to or involving a specific Party (that is, non-common discovery) including numerical limits, time limits, and other procedures for efficiently and economically handling such Party-specific discovery.  At each DMC, the Parties **SHALL** be prepared to discuss any individualized discovery issues which are delaying, impeding, or otherwise impacting common discovery.

### V.    Discovery Management Conferences

The Court **ORDERS** each of the Parties to designate their lead (or co-lead) counsel for discovery matters going forward (which the Court expects would be the lead trial counsel for that Party in the pilot cases and/or the most senior lawyer(s) supervising discovery issues for that Party).  The Court **ORDERS** such designated lead discovery counsel for each of the Parties to appear in-person at regular Discovery Management Conferences ("DMCs") in San Francisco, Courtroom D, 15th Floor before the undersigned and **ORDERS** that the first DMC is hereby **SET** for **May 14, 2026 at 01:30 PM** (dates for following DMCs will be set at each successive DMC).  Remote appearances will not be granted absent extraordinary circumstances for DMCs, particularly for counsel in the pilot cases.  The Court intends to use public Zoom for the DMCs in part to allow counsel in non-pilot cases without a speaking role to observe the DMCs.

A Party may have more than one lawyer who has a speaking role for that Party at a DMC, as long as lead counsel is present.  *See* Section I of the Court's Standing Discovery Order and

United States District Court
Northern District of California

7

United States District Court
Northern District of California

Section XII of the Court's Standing Order for Civil Cases. At the DMCs, the Court **ORDERS** Plaintiffs' counsel in the pilot cases to have taken necessary and reasonable steps to be prepared to speak on behalf of all Plaintiffs in all cases for efficiency and time management, with the expectation that counsel in the non-pilot cases will generally not be speaking but rather will themselves have taken necessary and reasonable steps to coordinate and communicate with Plaintiffs' counsel in the pilot cases prior to each DMC.  Similarly, the Court **ORDERS** the Defendants to coordinate and communicate prior to each DMC, and to take all necessary and reasonable steps, to have a subset of defense counsel speak on behalf of all Defendants for all cases in order to promote efficiency and time management at the DMCs.  That is, counsel for a side in the pilot cases are responsible for coordinating and preparing with counsel on that same side in non-pilot cases in advance of each DMC.

On the fifth business day immediately preceding each DMC, the Parties are **ORDERED** to file a Joint DMC Status Report which shall address: (1) the status of discovery, (2) the Parties' progress in meeting discovery deadlines, (3) discovery disputes which are ripe for and for which the Parties have filed Joint Discovery Letter Briefs or for which the Parties have good cause to request expedited resolution, (4) a "look ahead" of discovery issues which the Parties are still meeting and conferring on and which do not presently require Court action but which the Parties anticipate may require Court action, and (5) any other issues or obstacles to discovery the Parties have encountered which would risk impacting the overall discovery schedule or the case schedule, including any issues relating to discovery in any other actions which risk impacting the orderly progress of discovery in this action.

The Court **ORDERS** the Parties to treat these Joint DMC Status Reports as if they were Joint Case Management Statements in compliance with Section VI of the Court's Standing Order for Civil Cases, which is hereby ordered to be applicable to these cases.

Any Counsel with a speaking role contemplated for a DMC **SHALL** provide advance notice to the Court if they will be participating in each DMC.  No later than close of business on the Friday preceding each DMC, each Party shall send a list of names of each participating attorney, their email addresses, and the Party they are representing to Judge Kang's Courtroom Deputy via email at

PHKCRD@cand.uscourts.gov.  *See* Section I of the Court's Standing Discovery Order.

**VI.    Submissions to the Court**

With regard to any Joint Discovery Letter Briefs and any other submissions to the Court, the Court **ORDERS** the Parties to read and comply with Section VII(C) of the Court's Standing Order for Civil Cases, which is hereby made applicable to this case.  With regard to separately set hearings on discovery motions, the Court **ORDERS** the Parties to read and comply with Section VII(D) of the Court's Standing Order for Civil Cases, which is hereby made applicable to this case.

Parties **SHALL** indicate in connection with any discovery motions, DMC Status Reports, or other submissions to the undersigned (either in the submission or by a separate notice filed contemporaneously therewith) if they intend to have a less experienced lawyer present a Party's positions on an issue in dispute or identified for discussion in such filing and may request the hearing, DMC, or conference be conducted in person for that purpose. *See* Standing Order for Civil Cases at Section XI.

**IT IS SO ORDERED.**

Dated: May 11, 2026

_____
PETER H. KANG
United States Magistrate Judge